IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jovan Tyreck Perry, ) | C/A No.: 1:13-1624-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Matthew Barnwell, 545; Anthony Keith ) | |
| Glover, 114; Chris Toole, 196; and ) | |
| Margaret Moore, 300, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Jovan Tyreck Perry, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee at the Aiken County Detention Center. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by employees of the Aiken City Department of Public Safety ("Defendants"). Plaintiff also alleges state law claims for defamation, mental anguish, and pain and suffering. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges constitutional violations associated with arrests made by Defendants, who are identified as public safety officers, detectives, or investigators

employed by the Aiken City Department of Public Safety. [Entry #1 at 2]. Plaintiff claims that defendant Matthew Barnwell arrested him on June 17, 2012, for possession of a stolen pistol and pointing/presenting a firearm. *Id.* at 4. Defendant Anthony Keith Glover allegedly arrested Plaintiff on an unspecified date for burglary second degree and possession of a stolen vehicle. *Id.* Plaintiff claims that defendant Chris Toole arrested him on November 29, 2012, for armed robbery and kidnapping and that defendant Margaret Moore arrested Plaintiff on that date for burglary first degree.[1] *Id.* at 3. Plaintiff seeks monetary damages and dismissal of his pending state criminal charges.[2] *Id.* at 5.

      The complaint does not indicate whether Defendants arrested Plaintiff pursuant to arrest warrants. Therefore, the court ordered Plaintiff to answer special interrogatories. [Entry #6]. Plaintiff answered that Defendants arrested him pursuant to an arrest warrant on each of the arrest dates alleged in the complaint. [Entry #9 at 1–2]. Plaintiff further provides June 20, 2012, as the arrest date for his claims against defendant Glover. *Id.* at 2.

---

[1] The complaint further alleges involvement by David Savage in charging Plaintiff with burglary first degree on November 29, 2012. [Entry #1 at 3]. However, Plaintiff did not list this individual in the complaint's caption or parties section. Therefore, David Savage has not been added to the docket as a defendant in this case.

[2] To the extent Plaintiff seeks release from detention, such relief is not available under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). The undersigned notes that Plaintiff has also filed a habeas action challenging his detention. *See Jovan Tyreck Perry v. Sheriff Micheal Hunt*, C/A No. 1:13-1625-JMC (D.S.C. June 14, 2013).

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges that Defendants subjected him to false arrest and false imprisonment. "[T]he Fourth Amendment right to be arrested only on probable cause is clearly established." S*mith v. Reddy*, 101 F.3d 351, 356 (4th Cir. 1996). However, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *see also Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996). Plaintiff alleges that Defendants made the challenged arrests pursuant to arrest warrants. [Entry #9 at 1–2]. While Plaintiff claims that "several officers filed charges" or "false police reports" to have him arrested, [Entry #1 at 5], he provides no facts to challenge the facial validity of the arrest warrants. Therefore, Plaintiff's claims against Defendants for false arrest in violation of the Fourth Amendment are subject to summary dismissal.

  Plaintiff also alleges false imprisonment by Defendants. This claim is analogous to the common law tort of malicious prosecution, which permits damages for confinement pursuant to legal process. *See Brooks*, 85 F.3d at 182 (finding that "allegations that an arrest made pursuant to a warrant was not supported by probable

cause, or claims seeking damages for the period after legal process issued, are analogous to the common-law tort of malicious prosecution"). "[I]t is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009). However, to the extent such right exists, a plaintiff must demonstrate seizure "'pursuant to legal process that was not supported by probable cause and [ ] that the criminal proceedings have terminated in plaintiff's favor.'" *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (quoting *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005)). In the present action, Plaintiff's criminal charges remain pending and has not demonstrated that any of the challenged arrests have been terminated in his favor. Thus, Plaintiff's false imprisonment/malicious prosecution claims are also subject to summary dismissal. Because Plaintiff's federal claims are recommended for summary dismissal, the undersigned recommends the district court decline to exercise supplemental jurisdiction over any state law causes of action. *See* 28 U.S.C. § 1367(c)(3).

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 25, 2013                                              Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).